IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT J. CAVES,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW ZELLERS,<br><br>Defendants. | CV 24-156-BLG-DWM<br><br><br>ORDER |

On October 28, 2024, Plaintiff Robert J. Caves, proceeding pro se, filed a civil rights complaint, alleging his constitutional rights were violated during a traffic stop that occurred on Highway 212 on October 2, 2024. (*See* Doc. 1.) On February 13, 2025, Defendant Mathew Zellers moved to dismiss the case for failure to state a claim. (Doc. 5.) On February 26, 2025, Caves amended his complaint, (Doc. 9), which mooted Zellers' pending motion to dismiss, (Doc. 10). On March 12, 2025, Zellers again moved to dismiss for failure to state a claim. (Doc. 14.) On April 7, 2025, Caves was given additional time to respond to the motion. (*See* Doc. 16.) To date, Caves has not responded. Moreover, Caves has not filed anything in the case since February 2025. (*See* Doc. 9.)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to

1

comply with the Federal Rules or orders of the court. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). While Zellers has moved to dismiss under Rule 12, (*see* Doc. 14), a district court "may dismiss under Rule 41(b) sua sponte," *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal under Rule 41(b) is appropriate, courts must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters*, 913 F.3d at 890. While "the public's interest in expeditious resolution of litigation always favors dismissal," that factor may be outweighed by a strong showing of the other factors. *Yourish v. Cal. Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Here, Caves filed this action in October 2024, (*see* Doc. 1), but has not filed anything with the Court since February 2025, (*see* Doc. 9), despite Zellers' filing of a motion to dismiss, (*see* Doc. 14), and this Court's explicit command to respond to this motion, (*see* Doc. 16). Caves' failure to pursue his case therefore impedes both the expedient resolution of this case and this Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a

particular case interferes with docket management and the public interest."). Caves' case has consumed judicial resources and time that could have been better spent on other matters. These factors, therefore, favor dismissal. The third factor requires courts to weigh the risk of prejudice to the defendant. A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although given the absence of actual prejudice, this factor does not weigh strongly against Caves in the present case.

Finally, the Court has considered less drastic alternatives to dismissal. Despite Caves' failure to timely respond to Zellers' motion to dismiss, he was given an additional opportunity to respond. (*See* Doc. 16.) That Order explicitly warned Caves that the failure to respond may result in dismissal under Rule 41(b). (*See id.*) The Court informed Caves that he must provide the Court with any change of address or his action may be dismissed, (Doc. 2 at 2), and he filed an Amended Complaint four months into the case, (Doc. 9). Thus, it can be presumed that Caves has received the filings in the case. Ultimately, Caves was given adequate and timely warning that his action was subject to dismissal if he failed to comply with this Court's orders. At this juncture, the Court can envision no alternatives to dismissal.

3

Because four of the five factors weigh in favor of dismissal, this matter is dismissed based upon Caves' failure to prosecute and failure to comply with a court order. *See* Fed. F. Civ. P. 41(b).

Accordingly, IT IS ORDERED that:

1. This matter is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

2. All pending motions are DENIED as moot and all pending deadlines are VACATED.

DATED this 2nd day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court